**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| | : | 04-cr-60 (JCH) |
| v. | : | |
| | : | |
| KENNETH FORD | : | SEPTEMBER 21, 2009 |
| | : | |

**RULING RE: MOTION FOR TRANSFER (Doc. No. 773)**

**I.      INTRODUCTION**

On February 10, 2005, Kenneth Ford waived his right to indictment and entered a guilty plea to a one-count information to Conspiracy to Possess with Intent to Distribute of More Than 500 grams of Cocaine in violation of 21 U.S.C. § 846. On November 28, 2005, Ford was sentenced to 90 months of incarceration at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, followed by 8 years of supervised release. Ford filed a Motion for Transfer with the court on September 4, 2009. For the reasons stated below, this motion is denied.

**II.      ANALYSIS**

An individual sentenced to a period of federal imprisonment is committed to the custody of the Bureau of Prisons ("BOP") under 18 U.S.C. § 3621(a). Once the individual has been committed, the BOP has discretionary authority both in determining the individual's initial placement and in directing the transfer of the prisoner from one penal or correctional facility to another. See 18 U.S.C. § 3621(b); see also Levine v. Apker, 455 F.3d 71, 80 (2d Cir.2006) ("Congress's use of the language 'may designate' in § 3621(b) seemingly endows the BOP with 'broad discretion'"). In determining such placements and transfers, the BOP need only be guided by the following five factors:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence...; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Furthermore, the general rule is that the Fifth Amendment's Due Process Clause does not confer any right upon an inmate to any particular custody or security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification and eligibility for rehabilitative programs in the federal system] . . . and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process") (citation omitted).

In this case, the BOP, acting well within its authority under section 3621, placed Ford at the FCI in Fairton, New Jersey ("FCI Fairton"). Ford claims that his cooperation with the government has been disclosed to the general population of FCI Fairton, and he contends that this disclosure compels a transfer to the Wyatt Correctional Center in Rhode Island. See Mot. for Transfer (Doc. No. 773) at ¶¶ 2, 3. Regardless of whether the court finds Ford's claims persuasive, once the court determines that the BOP acted within its authority in reaching its placement decision, it is beyond the purview of the court to second guess the outcome. See Fullenwiley v. Wiley, 1999 WL 33504428, 1999 U.S. Dist. LEXIS 23066 (N.D.N.Y Oct. 5, 1999) ("[D]iscretionary decisions by the BOP made pursuant to its authority under § 3621(b) are not subject to judicial review"); see also 18 U.S.C. § 3625. Likewise, it is beyond the court's purview to recommend that the BOP transfer Ford to another facility.

Because "[t]he BOP is the sole agency charged with discretion to place a

convicted defendant within a particular treatment program or a particular facility,"

Levine, 455 F.3d at 83, Ford's motion is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of September, 2009.

_____
Janet C. Hall
United States District Judge

.